**Womans Temperance Building Association, Appellant, v. Anna Evans Devore, Executrix, Appellee.**

**Gen. No. 15,380.**

APPEALS AND ERRORS—*when suggestion of diminution may be made after second day of term of Appellate Court.* A suggestion of diminution made after the second day of the term to which the appeal is filed will be considered and acted upon by the court if the clerk in making up his transcript pursuant to praecipe has not obeyed such praecipe.

Appeal from the Circuit Court of Cook county; the Hon. JOHN

A. GRAY, Judge, presiding.   Heard in the Branch Appellate Court at the March term, 1909.   Motion allowed.   Opinion filed July 16, 1909.

EDWIN TERWILLIGER, JR., for appellant.

FRED A. BANGS, for appellee.

MR. JUSTICE MACK delivered the opinion of the court.

The certificate attached to the record filed in this cause reads that it is "a true, perfect and complete transcript of the record according to præcipe." Turning to the præcipe, which is included in the record, we find that it reads: "Please prepare a complete transcript of the record in the above entitled cause for use on the appeal in the Appellate Court of Illinois in and for the First District, and include therein all pleadings,   *   *   *   orders and proceedings herein relating to the said principal defendant Mutual Reserve Contract Company and Anna Evans Devore, executrix   *   *   *   garnishee, to-wit:" followed by list of documents, orders and dates.   Then comes: "Please omit from said complete abstract the answers   *   *   *   orders and proceedings against the other garnishee defendant in the above entitled cause, to-wit:" followed by a list of documents, orders and dates.

The record begins with the convening order of November 16, 1908, but omits the convening order of the term of court at which the judgment against the principal defendant was rendered.   Appellant now suggests diminution of the record and asks for leave to supply the omissions.   Appellee objects and suggests in opposition that when a record is certified not to be complete but according to praecipe, omissions due to the failure of appellant, in the praecipe, to direct their inclusion, cannot be supplied on appellant's motion unless motion therefor be made on or before the second day of the term, citing authorities therefor.   In our judgment, this principle, while correct, has no appli-

cation to the facts in this case. The praecipe in this case directs a complete transcript of the record to be made, and then particularly directs that certain things shall be included. The specification of that which is to be included is, however, only by way of emphasis and does not involve an exclusion of everything else. It is as if the praecipe had read: "The clerk is directed to make a complete transcript and is particularly cautioned not to forget certain things, to-wit:"

The order to make the transcript a complete one is, it is true, modified by the last paragraph of the praecipe, which directs that certain things shall be omitted. The language here used to "omit from said complete transcript" certain documents, only confirms the interpretation given to the first paragraph, that is, that what is ordered is to be a complete transcript except for the things specifically directed to be omitted.

It was therefore the duty of the clerk to include everything not directed to be omitted, and the appellant is not responsible for the failure of the clerk in this respect.

Appellee suggests, however, that "the praecipe which is set out in the record is not a part of the record, not being certified by the clerk to be a true copy of the praecipe filed." No authority is cited for this statement. In our opinion the certificate of the clerk is sufficient to include in the record the praecipe certified to have been filed.

The motion for leave to supply omissions will therefore be allowed.

*Motion allowed.*